PETROPLUS, JUDGE:
A Stipulation of Facts has been filed wherein it is stated in support of this claim that on or about the 22nd day of July, 1969 the State Road Commission construction crews were engaged in the painting of the Kanawha City Bridge in Kanawha County, West Virginia, and that Marie Matz, who was driving a 1969 Pontiac, owned by the Claimant, across the *130 bridge, received unexplained paint spots on her automobile. The cost of repairing the automobile is stipulated in the amount of $195.70 without any explanation of the items of repair or who did the work or when the work was performed.
From these facts we necessarily infer that the paint spots came from the brush, 'spray guns or the paint buckets of the employees of the State Road Commission, as the automobile did not make contact with the painted surface of the bridge. It appears that the Respondent was negligent in failing to take proper precautions to protect the property of passing motorists lawfully driving across the bridge.
The Court, however, is troubled in awarding damages in the amount of $195.70, notwithstanding that the amount has been agreed upon as the cost of repairing the automobile, without some showing thait the Claimant was free from contributory negligence in correcting or mitigating the damages. It would be a reasonable assumption from the amount of the damage that either the automobile was repainted or some costly process was involved in removing the paint spots after they had dried or hardened. Reasonable care on the part of the motorist would require her to stop at the next service station and have the spots removed with turpentine or some proper solvent while they were still wet 'and fresh 'and susceptible of being cleaned off, a rather simple and inexpensive process.
Even though we assume that the Respondent was guilty of negligence in dropping a quantity of paint on the motor vehicle, we are also constrained to hold the Claimant had a responsibility and a duty to mitigate damages and remove the paint within a reasonable time after the damage occurred. It is not reasonable to find that the removal of a small quantity of wet paint from the finished and polished body of the car would entail an expenditure of $195.70. A reasonable conclusion would be that no effort was made to correct the condition until after the paint had hardened. The stipulation states that “Men Working” signs were installed on both ends of the bridge, so the Claimant was put on notice of the unusual conditions.
Unless there is some further explanation of circumstances causing damage in the amount stated, we are of opinion to *131 disallow the claim on the grounds that the Claimant was not free from fault and failed to mitigate 'damage by taking steps promptly to remove the paint when the injury occurred.
Claim disallowed.